Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 12-1417

ALLEN DONALD HANSON,

Plaintiff, Appellant,

v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Howard and Thompson,
Circuit Judges.

G. Bradley Snow and Tanous, Snow & Lufkin, LLC on brief for appellant.
Thomas E. Delahanty II, United States Attorney and Timothy A. Landry, Special Assistant U.S. Attorney on brief for appellee.

April 11, 2013

**Per Curiam**.    Claimant appeals from the denial, at step 5 of the sequential evaluation process, of his application for Social Security disability benefits.  Although we think that the Commissioner's decision is supported by substantial evidence, we do not rest this conclusion on the ground given by the magistrate judge in her Report and Recommendation -- i.e., that claimant's recent education, a 2005 Bachelor of Science degree, provides for direct entry into skilled work and that one of the semiskilled jobs cited by the vocational expert (VE) satisfies the Commissioner's burden of showing the availability of such work.  Rather, we find that substantial evidence supports the conclusion that claimant's prior job as a store clerk provides him with skills that are transferable to the semiskilled, light job of general office/file clerk.  This conclusion stands even viewing claimant, who was 58 years old at the time of the administrative hearing, as a person of advanced age.

I.  Direct Entry into Skilled Work

The applicable regulation provides as follows:

> If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work . . . or you have recently completed education which provides for direct entry into skilled work.

20 C.F. R. § 404.1568(d)(4) (emphasis altered). Despite this clear language, which shows that the regulations refer to "skilled or semiskilled" work when that is what is meant, the magistrate judge found, and the Commissioner argues, that direct entry into semiskilled will suffice. Since we are not deciding the case on this ground, we only note that this position is doubtful.

## II. Transferable Skills

Under the usual standard, transferability of skills is considered to be most likely among jobs in which

> (i) The same or a lesser degree of skill is required;
>
> (ii) The same or similar tools and machines are used; and
>
> (iii) The same or similar raw materials, products, processes, or services are involved.

20 C.F.R. § 404.1568(d)(2). "A complete similarity of all three factors" nonetheless is not required in order to find transferability. Id. § 404.1568(d)(3).

In addition to the foregoing, age plays a factor in determining transferability, and the regulations describe two different standards. First, if a claimant (1) is limited to light work, (2) is of advanced age (age 55 or older), (3) but is not yet 60 years old, the usual standard applies. Id. § 404.1568(d)(4). However, if a claimant is limited to light work and is "closely approaching retirement age (age 60 or older)," such a person will

be found to have skills that are transferable to other light work "only if the light work is so similar to [the person's] previous work that [he or she] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry."  Id. (emphasis in original).

The magistrate judge thought that the question concerning the applicable standard was open to dispute because (1) the ALJ had made his decision when claimant was 58 years old and (2) claimant's RFC fell "a hair below the full range of light work due to the occasional [climbing] restriction placed on ramps, ladders, stairs, and the like."  Hanson v. Social Sec. Admin. Comm'r, No. 11-cv-00008, 2011 WL 6888642, at *7 (D. Me. December 28, 2011) (internal quotation marks omitted).  We disagree.

First, claimant fits squarely within the terms of the usual standard because although he is of advanced age, he had not yet turned 60 at the time of the ALJ's decision.  And, while the regulations provide that the age categories are not to be applied "mechanically in a borderline situation," 20 C.F.R. § 404.1563(b), claimant's age of 58 is not borderline.  That is, claimant was about two years away from turning 60 at the relevant time, and it is only if a claimant is "within a few days to a few months of reaching an older age category" that such category might apply.  Id. (emphasis added).  The second problem with the magistrate judge's view is that claimant simply does not dispute that his

-4-

climbing limitations do NOT affect his ability to perform the duties of a general office/file clerk.

Turning to the merits, then, claimant's argument is that the VE did not engage in the proper analysis when applying the factors listed in § 404.1568(d)(2). In particular, claimant contends that the VE was required to have followed the procedures set out in The Revised Handbook for Analyzing Jobs. Claimant, however, cites no authority for such a requirement – statutory, regulatory, or judicial. In any event, even using the analysis that claimant suggests, the ALJ's decision that claimant possesses skills that are transferable to the job of general office/file clerk still is adequately supported.

First, claimant concedes that § 404.1568(d)(2)(i) has been satisfied since the general office/file clerk job has "a lesser degree of skill" than his prior work. Claimant's Brief, at 21-22. Claimant also concedes that his job as a store clerk involves the same or similar "raw materials, products, . . . or services" as the general office/file clerk job, see § 404.1568(d)(2)(iii). Id. at 26. As a result, the remaining dispute concerns (1) whether the two jobs have the same or similar "processes," and (2) whether the jobs use the same or similar "tools and machines."

Beginning with the issue of processes, claimant refers to The Revised Handbook and its use of "method verbs" to describe the

activities of a particular job. Claimant's Brief, at 24. In this respect, claimant reports that his past work as a store clerk involves 18 method verbs (unspecified) and the proposed job of general office/file clerk involves 23 method verbs (also unspecified). Id. at 24-25. Out of the total of 41 such verbs, claimant continues, the jobs have only five in common: (1) marking; (2) posting; (3) punching; (4) routing; and (5) selecting. Id. at 25. Claimant thus concludes, without further argument or any suggestion of how many common verbs are required before similarity can be found, that the two jobs do not have the requisite similarity of processes. There are two problems with claimant's position.

First, the two jobs have more than five processes in common. In this respect, claimant ignores his own, and the VE's, description of the activities involved in the job of store clerk: (1) logging newly received materials into the computer; (2) handling requests for supplies, presumably via telephone or computer; (3) delivering supplies to others; (4) record keeping; and (5) performing basic office skills, such as filing. Addendum to the Commissioner's Brief, at 75-76, 240. Claimant also does not dispute the Commissioner's description, taken from the Dictionary of Occupational Titles (DOT), of the activities performed by a general office/file clerk: (1) typing on and entering information into a computer; (2) answering the telephone and conveying

messages; (3) running errands; (4) record keeping; and (5) filing. Commissioner's Brief, at 9. Therefore, in addition to the five activities cited by claimant, the two jobs also have in common the following: (1) using computers; (2) taking messages, such as orders; (3) running errands, such as making deliveries; (4) record keeping; and (5) basic filing.

Second, of course, "complete similarity" of factors is not required, see § 404.1568(d)(3), and claimant acknowledges, as noted, that the store clerk job and the position of general office/file clerk already share three out of the four factors cited in § 404.1568(d)(2)(iii). As a result, the two jobs not only use the same or similar raw materials, products, or services, they also have in common the ten processes described above. Given this, there plainly is substantial evidence to support the conclusion that § 404.1568(d)(2)(iii) has essentially been satisfied.

Turning to the issue of tools and machines, claimant states that, according to The Revised Handbook, his prior job as a store clerk involved using measuring devices, price guns, hole punches, computers, and forklifts. Clamant's Brief, at 22-23. As for the job of general office/file clerk, claimant reports that such a job involves using calculators, adding machines, hole punches, postage meters, typewriters, and dictating equipment. Id. at 23. Based on this, claimant concludes, again without any

-7-

analysis, that the tools and machines used in the two jobs are not the same or similar. Id. at 24.

We disagree. Given the prevalence of computers, which often take the place of calculators, adding machines, and typewriters, the two jobs clearly have a major machine in common. Claimant also ignores the VE's description of the additional tools and/or machines that the positions of store clerk and general office/file clerk share: (1) office equipment such as photocopiers; (2) record books; (3) report forms; and (4) telephones. Addendum to the Commissioner's Brief, at 84. As a result, we do not think that the Commissioner was required to find insufficient similarity of tools and machines between the two jobs.

Given the foregoing, we conclude that substantial evidence supports the Commissioner' decision that claimant has skills that are transferable to the job of general office/file clerk and that, as a result, he is not disabled.

The judgment of the district court therefore is affirmed.